1  Kathleen L. Wieneke, Bar #011139
   Christina Retts, Bar #023798
2  WIENEKE LAW GROUP, PLC
   1095 West Rio Salado Parkway, Suite 209
3  Tempe, Arizona 85281
   Telephone: (602) 715-1868
4  Fax: (602) 455-1109
   Email: kwieneke@wienekelawgroup.com
5  Email: cretts@wienekelawgroup.com

6  *Attorneys for Defendant City of Phoenix*

7

8                   **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF ARIZONA**

10 | Ronald G. Harris, Jessica Perez; and Rodasia White, as Mother and Next Friend of A.H. and J.H., the minor children of victim, as beneficiaries for the wrongful death in and violation of civil rights of Jacob Michael Harris, | NO. 2:20-cv-00078-DLR |
   | --- | --- |
   |  | **DEFENDANT CITY OF PHOENIX'S ANSWER TO COMPLAINT** |
   | Plaintiffs, |  |
   | v. |  |
   | City of Phoenix, Kristopher and Jane Doe Bertz, David and Jane Doe Norman, John and Jane Does 1-10, Entities 1-10, |  |
   | Defendants. |  |

    Defendant City of Phoenix ("COP Defendant") for its Answer to Plaintiffs' Complaint, denies each allegation contained in Plaintiffs' Complaint and each claim for relief which is not expressly admitted or otherwise pled to. Defendant admits, denies and alleges as follows:

    1. In answering Paragraph 1 of Plaintiffs' Complaint, Defendant admits that the United States District Court has jurisdiction (as set forth in Defendant's removal). In so admitting, Defendant makes no admissions as to the sufficiency of the allegations in Plaintiffs Complaint. Defendant lacks sufficient information to form a belief as to the truth of the allegations relating to the status of the Plaintiffs and their familial relationship and

therefore denies the same.  The allegations relating community property call for a legal conclusion for which no response is required.

2. In answering Paragraph 2 of Plaintiffs' Complaint, Defendant denies the allegations as written. Defendants expressly deny the characterizations of the shooting itself, including the number of times that they allege that Mr. Harris was shot.  Defendants admit that Mr. Harris died, following a shooting, which occurred after the decedent was participant in an armed robbery.

3. In answering Paragraph 3 of Plaintiffs' Complaint, Defendant denies the allegations as they represent a partial recitation of information.  Defendant admits only that police reports were written. The police reports state what they state.

4. In answering Paragraph 4 of Plaintiffs' Complaint, Defendant denies the allegations as they represent a partial recitation of information.  Defendant admits only that police reports were written. The police reports state what they state.

5. In answering Paragraph 5 of Plaintiffs' Complaint, Defendant admit only that witness Achoa made a statement, but deny any characterizations and/or accuracy of that statement or implication that the shooting was not justified as a result of the same.

6. In answering Paragraph 6 of Plaintiffs' Complaint, Defendant denies the allegations.

7. In answering Paragraph 7 of Plaintiffs' Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

**COUNT ONE**
**(WRONGFUL DEATH)**

8. In answering Paragraph 8 of Plaintiffs' Complaint, Defendant denies the allegations.

**COUNT TWP**
**(VIOLATION OF CIVIL RIGHTS)**

9. In answering Paragraph 9 of Plaintiffs' Complaint, Defendant denies the allegations.

10. In answering Paragraph 10 of Plaintiffs' Complaint, Defendant denies the allegations.

## JURY TRIAL DEMAND

11. Defendant demands a trial by jury on all triable issues in this matter.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following defenses to Plaintiffs' Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendant would bear the burden of proof). Other defenses are outlined for the purpose of placing Plaintiffs on notice of the legal defenses Defendant will assert for the purpose of allowing Plaintiffs to fully evaluate her claims, as this relates to any future request by Defendant for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Plaintiffs lack standing to bring any Fourth Amendment claims for excessive force on behalf of the decedent because they have not been appointed the Personal Representatives of the Estate.

2. Fictitious defendants are not permitted in federal court and should be dismissed.

3. There may be only one statutory plaintiff who brings a wrongful death claim. Plaintiffs must elect whether Mr. Harris, Ms. Perez, or Ms. White will act as the statutory beneficiary for the wrongful death claim.

4. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

5. Discovery may reveal that Plaintiffs failed to comply with service and substantive requirements of A.R.S. § 12-821.01, the Notice of Claim statute.

6. Defendant is entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq.*

7. The decedent was solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby barring or reducing any recovery herein by way of comparative negligence.

8. Defendant alleges the immunities set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees available under these sections

9. Defendant alleges that Plaintiffs' injuries were caused or contributed to by occupants of the vehicle (minor, Sariah Busani, and Jeremiah Triplett), involved in this incident as well those set forth in Maricopa County Superior Court CR2019-007275, all of whom are non-parties at fault pursuant to A.R.S. § 12-2506. The factual basis for their status as non-parties at fault is set forth in the police report as well as the criminal cases CR2019-007275 and CR2019-101931.

10. At all times set forth in the Complaint, the Defendant and its officers, Defendant was acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion

11. Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendant.

12. Arizona's survival statute precludes any federal claim for damages for any force that did not cause death.

13. The officers' actions were objectively reasonable and conformed with their community caretaking obligations.

14. The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

15. The doctrine of reasonable mistake of fact may apply.

16. The City of Phoenix not subject to liability under 42 U.S.C. § 1983 as Plaintiffs cannot prove any violations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

17. The City of Phoenix alleges that none of its training and/or discipline/alleged failure to discipline was constitutionally deficient.

18. Defendant denies that there were any constitutional violations of Defendants Bertz and Norman, and as a result Plaintiffs cannot recover under *Monell* in the absence of a constitutional violation.

19. Defendant alleges that the decedent's flight/resistance/non-compliance/force was not justified and any injuries sustained were the result of decedent's unlawful and/or unjustified actions.

20. To the extent that Plaintiffs assert any punitive damages, such damages are barred by A.R.S. § 12-820.04 and *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

21. Defendant is entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

22. Officers Norman and Bertz' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007). To the extent found justified under state law, A.R.S. § 13-420 provides for attorneys' fees and all costs to the prevailing Defendants

23. Defendant puts Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that Plaintiffs take nothing, and that Defendant be awarded its costs and attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349, 12-350, and 13-420.

DATED this 17th day of January 2020.

    WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, AZ 85281
*Attorneys for Defendant City of Phoenix*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Thomas C. Home
> HORNE SLATON, PLLC
> 6720 North Scottsdale Road, Suite 285
> Scottsdale, AZ 85253
> Attorney for Plaintiffs

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is a registered participant of the CM/ECF System:

> N/A

By:   /s/ Mica Mahler