Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix, Bertz and Norman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald G. Harris, Jessica Perez; and Rodasia White, as Mother and Next Friend of A.H. and J.H., the minor children of victim, as beneficiaries for the wrongful death in and violation of civil rights of Jacob Michael Harris,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, Kristopher and Jane Doe Bertz, David and Jane Doe Norman, John and Jane Does 1-10, Entities 1-10,<br><br>Defendants. | NO. 2:20-cv-00078-DLR<br><br>**DEFENDANTS NORMAN AND BERTZ' ANSWER TO THE COMPLAINT** |

Defendants Norman and Bertz for their Answer to Plaintiffs' Complaint, denies each allegation contained in Plaintiffs' Complaint and each claim for relief which is not expressly admitted or otherwise pled to. At the outset, Defendants note that there are multiple Plaintiffs who assert wrongful death claims, which is not proper. There can be only one wrongful death Plaintiff who acts on behalf of all statutory beneficiaries. To the extent that there are any Fourth Amendment claims asserted, those must be asserted by the Personal Representative of the Estate. If no Personal Representative has been appointed this needs to occur. Defendants admit, deny and alleges as follows:

1. In answering Paragraph 1 of Plaintiffs' Complaint, Defendants admit that the United States District Court has jurisdiction (as set forth in Defendant City of Phoenix'

removal). In so admitting, Defendants make no admissions as to the sufficiency of the allegations in Plaintiffs' Complaint. Defendants lack sufficient information to form a belief as to the truth of the allegations relating to the status of the Plaintiffs and their familial relationship and therefore denies the same. The allegations relating community property call for a legal conclusion for which no response is required.

2. In answering Paragraph 2 of Plaintiffs' Complaint, Defendants deny the allegations as written. Defendants expressly deny the characterizations of the shooting itself, including the number of times that they allege that Mr. Harris was shot and by whom. Defendants admit that Mr. Harris died, following a shooting, which occurred after the decedent was participant in an armed robbery.

3. In answering Paragraph 3 of Plaintiffs' Complaint, Defendants deny the allegations as they represent a partial recitation of information. Defendants admits only that police reports were written. The police reports state what they state.

4. In answering Paragraph 4 of Plaintiffs' Complaint, Defendants deny the allegations as they represent a partial recitation of information. Defendants admits only that police reports were written. The police reports state what they state.

5. In answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit only that witness Achoa made a statement, but deny any characterizations and/or accuracy of that statement or implication that the shooting was not justified as a result of the same.

6. In answering Paragraph 6 of Plaintiffs' Complaint, Defendants deny the allegations.

7. In answering Paragraph 7 of Plaintiffs' Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

### COUNT ONE
### (WRONGFUL DEATH)

8. In answering Paragraph 8 of Plaintiffs' Complaint, Defendants deny the allegations.

## COUNT TWO
## (VIOLATION OF CIVIL RIGHTS)

9. In answering Paragraph 9 of Plaintiffs' Complaint, Defendants deny the allegations.

10. In answering Paragraph 10 of Plaintiffs' Complaint, Defendants deny the allegations.

## JURY TRIAL DEMAND

11. Defendants demand a trial by jury on all triable issues in this matter.

## AFFIRMATIVE DEFENSES

Defendants sets forth the following defenses to Plaintiffs' Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof). Other defenses are outlined for the purpose of placing Plaintiffs on notice of the legal defenses Defendants will assert for the purpose of allowing Plaintiffs to fully evaluate her claims, as this relates to any future request by Defendants for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Plaintiffs lack standing to bring any Fourth Amendment claims for excessive force on behalf of the decedent because they have not been appointed the Personal Representatives of the Estate.

2. Fictitious defendants are not permitted in federal court and should be dismissed.

3. There may be only one statutory plaintiff who brings a wrongful death claim. Plaintiffs must elect whether Mr. Harris, Ms. Perez, or Ms. White will act as the statutory beneficiary for the wrongful death claim.

4. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

5. Discovery may reveal that Plaintiffs failed to comply with service and substantive requirements of A.R.S. § 12-821.01, the Notice of Claim statute.

6. Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq*.

7. The decedent was solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby barring or reducing any recovery herein by way of comparative negligence.

8. Defendants allege the immunities set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees available under these sections

9. Defendants allege that Plaintiffs' injuries were caused or contributed to by occupants of the vehicle (minor, Sariah Busani, and Jeremiah Triplett), involved in this incident as well those set forth in Maricopa County Superior Court CR2019-007275, all of whom are non-parties at fault pursuant to A.R.S. § 12-2506. The factual basis for their status as non-parties at fault is set forth in the police report as well as the criminal cases CR2019-007275 and CR2019-101931.

10. At all times set forth in the Complaint, the Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

11. Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

12. Arizona's survival statute precludes any federal claim for damages for any force that did not cause death.

13. Plaintiffs have failed to state a claim for any shots that were fired, but that missed the decedent.

14. The officers' actions were objectively reasonable and conformed with their community caretaking obligations.

15. The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

16. The doctrine of reasonable mistake of fact may apply.

17. The City of Phoenix not subject to liability under 42 U.S.C. § 1983 as Plaintiffs cannot prove any violations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

18. The City of Phoenix does not have any deficiency in training and/or discipline/alleged failure to discipline was constitutionally deficient.

19. Defendants denies that there were any constitutional violation, and as a result Plaintiffs cannot recover under *Monell* in the absence of a constitutional violation.

20. Defendants allege that the decedent's flight/resistance/non-compliance/force was not justified and any injuries sustained were the result of decedent's unlawful and/or unjustified actions.

21. To the extent that Plaintiffs assert any punitive damages, such damages are barred by A.R.S. § 12-820.04 and *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

22. Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

23. Officers Norman and Bertz' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007). To the extent found justified under state law, A.R.S. § 13-420 provides for attorneys' fees and all costs to the prevailing Defendants

24. Plaintiffs may not assert any simple negligence theories for their wrongful death claim, under state law, based upon *Ryan v. Napier*.

25. Defendant puts Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set

forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that Plaintiffs take nothing, and that Defendant be awarded its costs and attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349, 12-350, and 13-420.

DATED this 18th day of February 2020.

                              WIENEKE LAW GROUP, PLC

                          By:   */s/ Christina Retts*
                                 Kathleen L. Wieneke
                                 Christina Retts
                                 1095 West Rio Salado Parkway, Suite 209
                                 Tempe, AZ 85281
                                 *Attorneys for Defendants City of Phoenix, Bertz and Norman*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Thomas C. Horne
> HORNE SLATON, PLLC
> 6720 North Scottsdale Road, Suite 285
> Scottsdale, AZ 85253
> Attorney for Plaintiffs

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is a registered participant of the CM/ECF System:

> N/A

By: */s/ Mica Mahler*