1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Roland G Harris, et al.,                    No. CV-20-00078-PHX-DLR

10                 Plaintiffs,                 **ORDER**

11  v.

12  City of Phoenix, et al.,

13                 Defendants.

14

15         Pending before the Court are Defendants' Motion for Judgment on the Pleadings

16  (Doc. 50) and Plaintiffs' Motion for Leave to Amend (Doc. 72). For the following reasons,

17  the Court grants the Motion for Judgment on the Pleadings and denies the Motion for Leave

18  to Amend.

19  **I. Background**

20         Jacob Harris ("Decedent") was shot to death by Officer Bertz on January 10, 2019

21  after officers ordered him from his car and he fled. (Doc. 5 at 2-4; Doc. 50 at 2.) Plaintiffs

22  Roland G. Harris, Jessica Perez, Rodasia White, and minor children of Decedent A.H. and

23  J.H. sued Defendants, Officers Kristopher Bertz and David Norman[1] ("Officer

24  Defendants"), and the City of Phoenix ("City"), in Maricopa County Superior Court. (Doc.

25  5.) Their complaint alleges claims against all Defendants for wrongful death under Arizona

26  law and violations of Decedent's constitutional rights under 42 U.S.C. § 1983. (*Id.* at 4.)

27  Defendants removed the case to federal court on January 13, 2020 (Doc. 1), and the Court

28

---

[1] During the pendency of these motions, the Court dismissed the § 1983 claims against Officer Norman on stipulation by both parties. (Docs. 76, 80.)

subsequently issued a Scheduling Order setting an August 1, 2020 deadline to amend pleadings (Doc. 20 at 1).

That deadline came and went without amendment.  Plaintiffs retained new counsel that following month.  (Docs. 33, 34.)  Nearly half a year after the substitution, the parties jointly moved to extend several deadlines in the Court's Scheduling Order but not the deadline to amend the pleadings.  (Doc. 44.)  The Court granted those extensions.  (Doc. 45.)

On May 7, 2021, Defendants filed a motion for judgment on the pleadings.  (Doc. 50.)  On May 26, 2021, Plaintiffs filed both a response in opposition to the motion for judgment on the pleadings (Doc. 73) and a motion for leave to amend the complaint (Doc. 72).  The latter motion came over nine months after the deadline for amending pleadings.  Both motions are now ripe.

## II.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999).  "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule."  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Thus, a motion for judgment on the pleadings will be granted if the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

### A.  Claim One

Defendants argue that the City cannot be vicariously liable for Officer Bertz's use of force, which Plaintiffs allege caused Decedent's wrongful death.  (Doc. 50 at 6-8.)  The Court agrees.  A municipality is not vicariously liable for all actions taken by its employees. *See, e.g.*, *Ryan v. Napier*, 425 P.3d 230, 236-37 (Ariz. 2018).   As relevant here, a

1    municipality cannot be held liable for its employee's intentional use of force unless it

2    actually knows of the employee's propensity to commit that particular act.  *Id.*; *see also*

3    A.R.S. § 12-820.05(B); *Tucson Unified Sch. Dist. v. Borek ex rel. Cty. of Pima*, 322 P.3d

4    181, 184 (Ariz. Ct. App. 2014) (requiring actual knowledge of propensity).

5         So, the misconduct undergirding vicarious liability matters.  A wrongful death claim

6    is not itself a theory of liability; it is merely the mechanism by which the survivors or

7    personal representative ("PR") of the decedent may advance the claims that the decedent

8    could have advanced had he lived.  *See* A.R.S. §§ 12-611, -612(A); *Quinonez v. Anderson*,

9    696 P.2d 1342, 1346 (Ariz. Ct. App. 1984).  And, in cases advancing claims based "solely

10   on an officer's intentional use of physical force," a plaintiff may only advance a theory of

11   intentional use of force.  *Napier*, 425 P.3d at 236-37; *see also Liberti v. City of Scottsdale*,

12   816 F. App'x 89, 91 (9th Cir. 2020) (applying *Napier* to wrongful-death actions).

13        Here, Claim One hinges entirely on allegations that Officer Bertz unjustifiably shot

14   Decedent as he fled (Doc. 5 at 4-5), which is a theory of intentional use of force akin to

15   aggravated assault.  The City therefore is immune from vicarious liability for those actions

16   unless it actually knew that Officer Bertz had a propensity to wrongfully shoot fleeing

17   suspects.  Plaintiffs generally allude to "several shootings [by the Officer Defendants] in

18   the past," and imply that they were "unconstitutional and inappropriate killings" that the

19   City knew about.  (*Id.* at 5.) But Plaintiffs do not allege which Defendant Officer committed

20   which alleged shooting.  (*Id.*)  Nor do Plaintiffs even guess at the number of shootings or

21   estimate the dates on which the alleged shootings occurred.  (*Id.*)  It is too vague and

22   conclusory to warrant a favorable inference under *Iqbal* or *Twombly*.  *See Ponomarenko v.*

23   *Shapiro*, 287 F. Supp. 3d 816, 831 (N.D. Cal. 2018) (finding an allegation too vague when

24   the pleading never identified the time, place, or specific party associated with the event).

25   Thus, Plaintiffs fail to plead sufficient factual matter which, if accepted as true, would

26   plausibly show that the City was on notice that the Officer Bertz specifically had a

27   propensity to wrongfully shoot fleeing suspects.  The City therefore is entitled to judgment

28   on this claim.

### B.  Claim Two

Defendants challenge Plaintiffs' § 1983 claim on standing grounds.  (Doc. 50 at 8.)  The "survivors of an individual killed as a result of an officer's excessive force" may bring a § 1983 claim only if authorized by state law.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).  In Arizona, only the PR of a decedent's estate may bring a civil rights action on behalf of the decedent.  A.R.S. § 14-3110.  The complaint does not allege that any Plaintiff is acting in a representative capacity or has been appointed PR.  (Doc. 5.)  Therefore, the Court finds that Plaintiffs lack standing to bring a § 1983 claim on behalf of Decedent, and Defendants are entitled to judgment as a matter of law on Claim Two.

### III.  Motion for Leave to Amend

Plaintiffs untimely seek to amend the complaint to cure defects in Claims One and Two[2] and to bring a new claim under § 1983 against Officer Bertz for violating Plaintiffs' Fourteenth Amendment rights to familial association.  (Doc. 72-1.)  Because Plaintiffs' motion came over nine months after the Scheduling Order's deadline for amending pleadings, Plaintiffs must satisfy Rule 16(b)'s good cause standard before the Court can consider the propriety of the amendment under Rule 15.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  *If that party was not diligent, the inquiry should end.*

*Id.* at 609 (emphasis added and internal citations omitted).  If good cause supports deviation from the scheduling order, the Court then assesses the propriety of the proposed

---

[2] Plaintiffs seek to split Claim Two into two separate claims—Claims Two and Four of the proposed amended complaint.  This is largely a cosmetic, rather than substantive, change.

1
2
3

amendments by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

4
5
6
7
8
9
10
11
12
13

Plaintiffs do not overcome this first hurdle.  They argue that "retention of new counsel . . . . *after* the deadline to amend" amounts to good cause.  (Doc. 72 at 8 (emphasis added).)  It does not.  *See Munoz v. PHH Mortg. Corp.*, No. 1:08-cv-00759-DAD-BAM, 2021 WL 1928616, at *3 (E.D. Cal. May 13, 2021) (collecting cases).  What's more, Plaintiffs retained new counsel in September 2020, and they fail to explain why new counsel waited eight months to seek modification of the Scheduling Order to accommodate an amended pleading.  Plaintiffs therefore were not diligent twice over: once for not seeking leave to amend by the original August 1, 2020 deadline, and again for not seeking to modify the Scheduling Order to accommodate an amended pleading for eight months after retaining new counsel.

14
15

Moreover, except for the Fourteenth Amendment familial association claim, the proposed amendments are futile.

16
17
18
19
20

Plaintiffs propose to amend Claim One by alleging that the Officer Defendants "engaged in both ordinary and gross deviations from the standard of care in their use of force."  (Doc. 72-1 at 7 ¶ 40.)  But, as *Napier* instructs, a plaintiff may not bring a negligence claim based solely on an officer's intentional use of force.  425 P.3d at 236-37. This amendment is thus futile.

21
22
23
24
25
26
27

Plaintiff Harris attempts to address Claim Two's standing defect by amending the complaint to allege that he was recently appointed PR of Decedent's estate.  (Doc. 73 at 10.)  He correctly notes that A.R.S. § 14-3108(4) precludes him, as a late-appointed PR, from "possess[ing] estate assets . . . beyond that necessary to confirm title thereto in the rightful successors to the estate."  (*Id.* at 11.)  Still, he argues, Arizona law is unsettled as to whether this statute prevents late-appointed PRs from bringing claims on behalf of a decedent's estate and asks this Court to therefore allow the claim to move forward.  (*Id.*)

28

But that misstates this Court's duty.  In the absence of a state court decision on point,

a federal court does not assume state law favors the plaintiff.  Instead, a federal court must predict how the state court would interpret state law.  *Ariz. Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).  And here, there are at least two reasons to believe that Arizona courts would interpret § 14-3108(4) to preclude a late-appointed PR from pursuing claims on behalf of a decedent's estate.

First, the Arizona Court of Appeals has squarely addressed this issue, holding that § 14-3108(4) "clearly prohibits" a late-appointed PR from pursuing a claim on behalf of a decedent's estate.  *In re Est. of Winn*, 128 P.3d 234, 237 (Ariz. Ct. App. 2006) ("*Winn I*"). To be sure, the opinion subsequently was vacated, but on other grounds and without any negative gloss on how the court interpreted § 14-3108(4).  *See In re Est. of Winn*, 150 P.3d 236 (Ariz. 2007) ("*Winn II*").  Accordingly, although *Winn I* is not a binding precedent, it is compelling evidence that Arizona courts would interpret § 14-3108(4) in a manner that bars Plaintiff Harris from bringing a § 1983 claim on Decedent's behalf.

Second, no Arizona court has held that § 14-3108(4) allows late-appointed PRs to pursue claims on behalf of a decedent.  Instead, when Arizona courts have allowed late-appointed PRs to bring claims on behalf of a decedent, they have done so by determining that a different, more specific statute applied under the circumstances.  *See, e.g.*, *Winn II*, 150 P.3d at 238-39 (determining that a late-appointed PR could pursue a claim under a specific provision of Arizona's Adult Protective Services Act only because that particular provision was more specific and recent than § 14-3108(4) and thus prevailed over it); *In re Est. of Wyttenbach*, 193 P.3d 814, 818-19 (Ariz. Ct. App. 2008) (holding the same for a different subsection of the same statute).  Plaintiff Harris points to no other, more specific section of Arizona law that would authorize him to bring a § 1983 claim on behalf of Decedent, likely for good reason—Arizona courts have overridden the probate limitation only when a statutory conflict exists, and no language in § 1983 conflicts with the limitations in § 14-3108(4).

For these reasons, the Court predicts that Arizona courts would interpret § 14-3108(4) as barring a late-appointed PR from bringing a § 1983 claim on behalf of a

decedent's estate.  Amending the complaint to add Plaintiff Harris as a late-appointed PR therefore would be futile.

**VI.  Conclusion**

For the foregoing reasons, the City is entitled to judgment on the pleadings as to Claim One, and all Defendants are entitled to judgment on the pleadings as to Claim Two. Because amendment would be futile as to those claims, and because Plaintiffs have not shown good cause for modifying the Scheduling Order to accommodate a nine-month-late amended pleading, Plaintiffs are denied leave to amend.

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 50) is **GRANTED**.  The City is entitled to judgment on Count One and all Defendants are entitled to judgment on Count Two.  Count One against Officer Bertz may proceed.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to amend (Doc. 72) is **DENIED**.

Dated this 22nd day of October, 2021.

Douglas L. Rayes
United States District Judge