**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland G Harris, et al., | No. CV-20-00078-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

At issue is Defendant Kristopher Bertz's Emergency Motion for Protective Order, which asks that Plaintiffs be precluded from physically attending Bertz's deposition and instead attend virtually, if they so choose. (Doc. 153 at 1.) The motion is fully briefed (Docs. 155, 156) and will be granted in modified form.

A district court enjoys "wide discretion" over deposition parameters. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). That discretion extends to deciding who may attend a deposition. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . designating the persons who may be present while discovery is conducted." Fed. R. Civ. P. 26(c)(1).

Bertz highlights a two-year old statement from Plaintiff Roland Harris, arguing that it raises concerns of "safety, harassment, and intimidation," if Harris were to physically attend Bertz's deposition. (Doc. 153 at 3.) As reported by a news outlet, Harris said in

reference to Bertz, "I'm not a weak man. . . . you murdered the wrong kid this time. Your days are over. You just don't know it yet. You can count your days, enjoy your time as a police officer because it's coming to an end." Matt Galka, *Family of suspect shot and killed by Phoenix Police in 2019 officially files lawsuit against the city*, Fox 10 Phoenix (Jan. 9, 2020), https://www.fox10phoenix.com/news/family-of-suspect-shot-and-killed-by-phoenix-police-in-2019-officially-files-lawsuit-against-the-city. Through counsel, Harris also expressed a desire to "confront" Bertz at his deposition.[1] For his part, Harris contends the statement reported in the media was a warning that Bertz's "career is over," not a threat of violence. (Doc. 155 at 4.)

Bertz has shown good cause to believe that Harris' physical presence during his deposition will cause intimidation, distraction, disruption, or annoyance, none of which facilitates the truth-seeking and information-gathering functions of the deposition. What's more, the legal issues occasioning this deposition concern justification for the use of force, an issue about which Harris lacks any personal knowledge. Harris' presence therefore would not aid the discovery process.

Plaintiffs argue that Harris has a right, as a party, to attend the deposition and that permitting him only to virtually attend is not the least restrictive means to assuage Bertz's concerns. Instead, Plaintiffs ask the Court to reschedule the deposition, set oral argument on the present motion (and perhaps even an evidentiary hearing, during which the Court could assess Harris' demeanor), and, if necessary, order that a security guard be present and pat down attendees for weapons when the deposition eventually occurs. Plaintiffs, however, point to no case or statute conferring a right on a represented party to a civil lawsuit to attend depositions conducted by counsel. Moreover, Plaintiffs' proposed alternative is by no means the least restrictive. To reschedule the deposition would prolong the discovery process and ordering a security detail would increase costs. Besides, conducting a weapons search would not ameliorate concerns about intimidation, distraction, disruption, or annoyance.

---

[1] A constitutional right to confront witnesses exists in the criminal context, not the civil context. *See Austin v. United States*, 509 U.S. 602, 608 (1993).

Instead, Bertz's solution is the least restrictive alternative. It allows Harris to attend the deposition virtually, enabling him to see and hear the deposition as if he were physically present, and removing the opportunity for any potential intimidation, annoyance, disruption, or distraction.

Bertz's proposed protective order would require all Plaintiffs wishing to attend Bertz' deposition to do so remotely. (Doc. 153-3.) Bertz's motion, however, only addresses concerns about Harris' presence; it does not identify or discuss concerns regarding any other Plaintiff's presence. Likewise, Plaintiffs' response brief addresses only Harris' desire to attend the deposition in person. It is unclear whether any of the other named Plaintiffs wish to attend Bertz's deposition. But, if they do, Bertz has not made any showing that would justify precluding their in-person attendance. Accordingly, although the Court grants Bertz's motion for a protective order, it does so only as to Harris, the only Plaintiff addressed in the briefing.

**IT IS ORDERED** that Defendant Bertz's Emergency Motion for Protective Order (Doc. 153) is **GRANTED**. If Plaintiff Roland Harris wishes to observe Defendant Kristopher Bertz's December 14, 2021 deposition, he may do so via Zoom only. The attorneys, witnesses, and other parties may appear in person.

Dated this 13th day of December, 2021.

Douglas L. Rayes
United States District Judge