**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland G Harris, et al., | No. CV-20-00078-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Kristopher Bertz, | |
| Defendant. | |

Pending before the Court is Defendant Kristopher Bertz's motion for summary judgment, which argues that no reasonable jury could find that he was unjustified in shooting Jacob Harris ("Decedent"), a complete defense to Plaintiffs' remaining claim against him.[1] (Doc. 162.) The motion is fully briefed. (Docs. 180, 192.) The Court grants the motion.

**I. Background**

For weeks, a crew dubbed the "Mass Bandits"—to which Decedent belonged—committed over two dozen armed robberies, aggravated assaults, and kidnappings at fast-

---

[1] Plaintiffs' complaint alleged a wrongful death claim against both Officer Bertz and Officer David Norman. (Doc. 5 at 4.) In their motion for judgment on the pleadings, Defendants argued that Officer Norman could not plausibly be liable for wrongful death because none of the shots he fired actually hit Decedent. (Doc. 50 at 3-4 and n.5; Doc. 77 at 2.) Indeed, Plaintiffs acknowledged as much in a proposed amended complaint. (Doc. 72-1 at 6 "Officer Norman missed all four shots at [Decedent[.].""). Accordingly, when the Court ruled on Defendants' motion for judgment on the pleadings, it permitted the wrongful death claim to move forward solely against Officer Bertz. (Doc. 144 at 7.) As all parties recognize in their summary judgment briefing, the sole remaining claim is for wrongful death against Officer Bertz. (Doc. 162 at 8; Doc. 180 at 4 ("Norman fires four shots, all of which miss [Decedent.]"); Doc. 190 at 7.).

food restaurants. (Maricopa County Superior Court, CR2019-101931 and CR2019-007275; Doc. 162-3.) And, while being surveilled by law enforcement around midnight and toting a black handgun in his waistband, Decedent committed armed robbery with the Mass Bandits at a Whataburger in January 2019. (Doc. 162-5 at 2-52, 105-181, 191.) He left the scene of the crime in a getaway car driven by one of the three other members of the Mass Bandits. (*Id.*)

Law enforcement, including Officer Bertz, followed in unmarked patrol vehicles without activating sirens. (*Id.* at 105-181.) Overhead, law enforcement aircraft surveilled the Mass Bandits' vehicle as it drove away, capturing its movements in a video recording. (*Id.* at 105-07, Doc. 162-10 Ex. 19 (sealed video).) Eight minutes after the getaway car left the Whataburger, Officer Bertz deployed a non-lethal tool known as a "grappler," which brought the getaway car to a stop. (Doc. 162-5 at 74.)

Officer Bertz then immediately tossed a flash bang grenade, which emits a powerful, blinding light and deafening noise. (*Id.* at 55, 74.) Decedent, rather than remain in the vehicle like the other three conspirators, exited the backseat and sprinted away from law enforcement, toward a Circle K with patrons. (*Id.* at 75.) Officer Bertz fired seven shots as Decedent fled, hitting Decedent with two of them. The wounds were ultimately fatal. Around the time he was shot, Decedent threw something away from his body, although the parties dispute what he threw. From when Decedent exited the vehicle to when Officer Bertz fired the shots, less than three seconds elapsed. (Doc. 162-10 Ex. 19 (sealed video).)

**II. Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the facts at issue are unambiguously captured in an audio/video recording, the Court views those "facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380-81. A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Discussion**

Plaintiffs assert a state law wrongful death claim against Officer Bertz. An action for wrongful death is a statutory negligence action requiring a showing that the alleged tortfeasor breached a reasonable standard of care. *See* A.R.S. § 12-612. Under Arizona law, "[n]o person . . . shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter." A.R.S. § 13-413. Law enforcement officers are justified in using deadly force "when the peace officer reasonably believes that it is necessary . . . [t]o effect an arrest or prevent the escape from custody of a person whom the peace officer reasonably believes . . . [h]as committed . . . a felony involving the use of a deadly weapon." A.R.S. § 13-410(c).

> [T]he defendant may [also] use any applicable presumption set forth in § 12-716, which sets forth presumptions concerning crime victims and law enforcement officers. If a presumption applies, the burden shifts to the plaintiff to produce evidence to rebut the presumption, although the defendant retains the burden of persuasion.

*Ryan v. Napier*, 425 P.3d 230, 241 (Ariz. 2018). The relevant presumption here applies if an officer proves by a preponderance of the evidence that the decedent was "fleeing after having committed . . . a felony criminal act" and that the officer used deadly physical force to "[e]ffect an arrest or prevent or assist in preventing a plaintiff's escape." A.R.S § 12-716.

There are no triable issues as to whether Officer Bertz was justified in using deadly force. Decedent robbed a Whataburger with a black handgun and immediately departed the scene in a getaway car that was stopped by law enforcement within eight minutes, before it reached its destination. Knowing the risk that Decedent had just committed felony armed robbery, Officer Bertz shot Decedent to prevent his escape only after he immediately sprinted away from the stopped getaway car and law enforcement. (Doc. 162-5 at 77-78.)

Plaintiffs' arguments create no genuine dispute of material fact. They first argue that Decedent must have been fleeing law enforcement specifically—not merely "after having committed a felony criminal act"—creating a requirement not present in the statutory language. And Plaintiffs' attempt to conjure such a requirement from the caselaw falls similarly flat; at best, it is the "suggest[ion]" that "flight" in the criminal context implies that the flight is from law enforcement. None of Plaintiffs cited authorities concern A.R.S. § 12-716, and indeed, one citation comes from a dissent and another from a specific statute about attempting to elude law enforcement officers while driving a vehicle (Decedent was not driving the getaway car). This Court must take the statutory language as it appears and will not shoehorn additional requirements into the plain language of the statute that the legislature could have penned in but did not. *Ariz. ex. Rel. Brnovich v. Maricopa Cty. Cmty. Coll. Dist. Bd.*, 416 P.3d 802, 805 (Ariz. 2018) ("[T]he words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended.").

Second, Plaintiffs dispute whether Decedent actually had a gun when he exited the vehicle. But the dispute is not genuine. Officer Bertz produced photographic evidence of a Taurus handgun at a throwable distance from Decedent's body at the scene of the

shooting.  (Docs. 162-6 at 7; 162-9 at 45-56; 167.)  Plaintiffs have provided no contrary evidence, only argument, which cannot create a genuine dispute of fact.

Finally, Plaintiffs dispute whether Officer Bertz correctly perceived that Decedent fled the getaway car with a gun in his hand and whether Officer Bertz shot Decedent to prevent potential injury to bystanders or himself.  (Doc. 188.)  These disputes, however, are immaterial to whether Officer Bertz reasonably believed Decedent was fleeing from having committed a felony with a deadly weapon and whether Officer Bertz reasonably believed he needed to use deadly force to prevent Decedent's escape.  Based on the undisputed evidence, no reasonable jury could conclude that Officer Bertz's belief was objectively unreasonable.

**IV.  Conclusion**

Because no reasonable jury could find Officer Bertz's actions were unjustified, Officer Bertz is entitled to judgment as a matter of law on the wrongful death claim.  Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 162) is **GRANTED**.  The Clerk of the Court shall enter judgment for Defendant and terminate the case.

Dated this 25th day of August, 2022.

Douglas L. Rayes
United States District Judge