THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834

*Firm email for service of documents:*
admin@the-plf.com

*Attorneys for Plaintiff Roland Harris*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Roland G. Harris et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Phoenix et al., <br><br> Defendants. | Case No. 2:20-cv-00078-PHX-DLR <br><br> **OBJETIONS TO BILL OF COSTS AND DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL OF COSTS** |

Plaintiffs Roland Harris, Jessica Perez, and Rodaisa White, through undersigned counsel, hereby objects to the Bill of Costs and Memorandum in Support of Bill of Costs submitted by Defendant Kristopher Bertz. As detailed in the following Memorandum of Points and Authorities, the bases for the objection are as follows:

First, Defendant Bertz attaches no support that he incurred any of these costs and is entitled to their reimbursement;

Second, an award of costs of thousands of dollars against any (or all) of the plaintiffs—all of whom are working-class people trying to survive some of the hardest economic times in our country's history—and in favor of Mr. Bertz (who was indemnified

by the City of Phoenix and almost certainly did not incur the costs himself) would be grossly inequitable; and,

Finally, an award of costs in favor of the City of Phoenix (Mr. Bertz's indemnitor, who actually incurred these costs, and appears to in fact be the "shadow applicant" for this award) would have a chilling effect on future civil rights litigants.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     Standard of Review**

An award of costs is left to the sound discretion of the trial court.[1]  Although Rule 54(b) creates a "presumption" in favor of an award of costs to the prevailing party, it "vests in the district court discretion to refuse to award costs."[2]

The district court should specifically consider the support submitted in favor of an award of costs.[3]  A court properly denies a bill of costs where a party fails to present actual evidence that they incurred those costs.[4]  Such is the case where a police officer is indemnified by his employer, and does not incur the costs personally.[5]

More, "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases."[6]  Costs are properly denied where "there is a great economic disparity between [the parties]."[7]  Thus, when a civil rights plaintiff loses a case,

---

[1] *See* Fed. R. Civ. P. 54(d)(1); *Stanley v. Univ. of S. California*, 178 F.3d 1069 (9th Cir. 1999).
[2] *Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).
[3] *See, e.g.*, *United States ex rel. Western Gunite v. Safeco Ins. Co. of Am.*, 1997 U.S. App. LEXIS 13864, *7 (June 10, 1997) (declining to award prevailing party's request for deposition costs where it "submitted no evidence of such costs to the district court").
[4] *Silva v. Chung*, 2019 U.S. Dist. LEXIS 22684 (D. Hawaii, August 7, 2019) (denying costs where "Defendants do not provide evidence that they actually incurred [the] costs").
[5] *See, e.g.*, *Castillo v. City of Tempe,* CV-12-02225-PHX-ROS, Judgment on Taxation of Costs (Doc. 140, attached as "Exhibit A").
[6] *Stanley*, 178 F.3d at 1079.
[7] *Assoc. of Mexican-American Educators*, 231 F.3d at 592.

and lacks significant financial resources, district courts must consider the respective resources of the parties seeking the award and the parties against whom the award is sought.[8]

Finally, district courts must consider whether imposition of costs will "chill civil rights litigation."[9] As the Ninth Circuit has noted, "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*."[10]

## II. Legal Argument

### A. Defendant Bertz has submitted no evidence he actually incurred the costs.

In the Bill of Costs, Defendant Bertz seeks reimbursement for costs dating all the way back to the Defendants' filing of the Answer and removal to federal court.[11] But Defendant Bertz was not the only defendant in this matter for much of the litigation.

David Norman was a defendant in this matter until June 3, 2021. In his dismissal, the Court specifically ruled that Mr. Norman would be "responsible for [his] own fees and costs."[12]

The City of Phoenix, too, was a defendant in this case. It was dismissed on October 10, 2021.[13]

Yet the City makes no application for its costs. And Mr. Norman is prohibited from doing so. The lone application to this Court is made by Defendant Bertz—one of three defendants in this case for most of the litigation.

---

[8] *Id.*
[9] *Id.* at 1079-80.
[10] *Id.* at 1080.
[11] *See* Doc. 200-1 generally.
[12] *See* Doc. 80.
[13] The City has not filed a Bill of Costs in this case and the deadline for doing so has run. *See* LRCiv

In support of his Bill of Costs, Defendant Bertz submits a series of invoices that were expressly incurred by his counsel—the same counsel who represented Mr. Norman and the City of Phoenix. Thus, while Plaintiffs have no reason to doubt that these costs were actually incurred by defense counsel for work related to this case, the application provides no information as to which client incurred the costs, on whose behalf they were incurred, and who paid them.

Such a failure makes it impossible for Plaintiffs to identify the costs that Defendant Bertz alleges were attributable to his own defense, rather than the remaining defendants. This alone is fatal to a Bill of Costs: As a sister district court facing a similar application has previously noted in a similar situation, "an opposing party is in no position to present evidence detailing how another party's costs are allocated."[14]

More, it is highly likely that the City of Phoenix—not Defendant Bertz—actually incurred and paid these costs. Defendant Bertz is an officer for the City of Phoenix—and, upon information and belief, subject to the City's agreement to indemnify him. In *Castillo v. City of Tempe*, another civil rights case with an indemnified-officer and deficient evidence in support of costs, the Arizona District Court denied the officer's bill of costs, concluding that the costs incurred and paid by the City and therefore could not be sought by the officer.[15]

The Court should enter a similar order here. It should not award costs to an defendant officer who, for the majority of this litigation, was just one of three defendants; who has failed to submit any indication of what costs were incurred for *his* defense (as opposed to that of the other two defendants—one of whom waived his right to seek costs and the other makes no application for costs); and who has offered no evidence that he actually incurred these costs at all.

---

[14] *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2007 U.S. Dist. LEXIS 86517 (N.D. Cal., November 9, 2007)
[15] CV-12-02225-PHX-ROS, Doc. 40.

**B.     The Court should reject the invitation to award costs against three working class people.**

From the outset of this litigation, Defendant Bertz has been defended—likely at no cost to himself—by the same law firm that represented the City of Phoenix. Defendant Bertz has not established that he has actually incurred a penny in costs. But, even if he had, the next analysis the Court would require considering the parties' respective resources.[16]

1. Plaintiffs have limited financial resources to absorb a cost award.

Jacob Harris's surviving father, Roland Harris, lost his job at Wells Fargo during the pandemic. After finding other employment, he is again unemployed and attempting to manage significant expenses related to the passing of his father. He has spent an inordinate amount of his free time over the last three years seeking justice for the death of his son. A $5,000 cost award would impose a significant burden on him, and he is likely in the best financial position of any of the plaintiffs.

Jacob's mother, Jessica Perez, works in a restaurant in Bradenton, Florida. She works multiple jobs, teaching fitness classes before and after her shifts to try to help make ends meet. During the course of this litigation she left much of her support system in Arizona to move to Florida to try to create opportunities better life for her grandchildren (Jacob's two surviving children).

The other plaintiffs are Jacob's two school-aged children, represented by their mother Rodaisa White. Those two young children, who will never know their father, obviously have no assets. Ms. White has struggled to hold down steady employment.

These people are ordinary people. They are wrestling with trying to figure out how to pay basic costs of living that have totally exploded in an economy plagued by runaway

---

[16] *See Assoc. of Mexican-American Educators*, 231 F.3d at 592.

1  inflation.  The requested cost award in this case would be financially devastating to any of
2  them.

   2.  <u>Defendant Bertz, by contrast, appears to have ample financial resources.</u>

   Even if Defendant Bertz were the proper defendant to seek costs, the Court might be tempted to assume that, as a public servant, he is not drastically different than the Plaintiffs. This would be a significant error.

   Defendant Bertz earns a six-figure salary, making $125,322 as a Phoenix Police officer 2021.[17]  He also has substantial real estate holdings:  According to Maricopa County Assessor Records, he owns a <u>3,939</u> square foot home in an East Valley subdivision estimated at over **$926,645**.[18]



To put a fine point on the financial disparity between these parties, Defendant Bertz's single home has more bathrooms (6) than, and comparable square feet to, the individual residences of Mr. Harris, Ms. Perez, and Ms. White—combined.

   More, as noted above, it is highly likely that he did not incur these costs himself—and that they were, in fact, incurred by the City of Phoenix.  In such a case, the argument

---

[17] Source: https://govsalaries.com/bertz-kristopher-d-138003002
[18] Source:  Redfin.  Defendant Bertz's address and subdivision name have been withheld from this filing, and potentially identifying information have been redacted from the image. They can be provided to this Court, under seal, if they are in question.

against reimbursement (to the fifth largest city in America with an annual budget of $1.6 billion) would be even more compelling.

Thus, irrespective of who actually incurred these defense costs, it would be grossly inequitable to require the Plaintiffs to cover them in this litigation. The Court can, and should, deny this Bill of Costs on that basis alone.

### C. Awarding costs against Plaintiffs would chill civil rights litigation.

Finally, as other courts have noted, awarding costs against civil rights plaintiffs raises a significant risk of chilling future civil rights litigation.

In *Escriba v. Foster Poultry Farms*, the Ninth Circuit affirmed the denial of costs of $13,958.16 because such an award, in the context of the plaintiff's modest financial status, would present a "serious danger" of chilling future civil rights actions.[19] In *Draper v. Rosario*, the Ninth Circuit denied an award of $3,018.35 in costs against an in-custody plaintiff due to the likelihood of it causing future Eighth Amendment litigants to reconsider seeking redress in the courts for violations of their rights.[20] The risk of chilling litigation in this jurisdiction is even stronger.

As noted above, this was a case in which the Plaintiffs filed suit against Defendant Bertz, Defendant Norman, and the City of Phoenix for shooting Jacob Harris in the back and killing him. It is easy to imagine why the City would want to discourage such suits in the future: Its officers kill more citizens, per capita, than any other police department in the country.[21] And it is not even close: In 2021 the Phoenix Police Department killed people at nearly twice the rate of the second-deadliest department in the country.[22]

---

[19] 743 F.3d 1236, 1247-49 (9th Cir. 2014).
[20] 836 F.3d 1072, 1088 (9th Cir. 2016).
[21] https://www.abc15.com/news/in-depth/phoenix-police-ranks-1-in-deadly-use-of-force-compared-to-other-major-departments
[22] *Id.*

More, Phoenix has a modest civil rights bar willing and able to litigate these cases, leaving the vast majority of victims' families are unable to obtain representation even if they want to proceed. Permitting the City of Phoenix to chase these families for its costs, after dismissal or an adverse jury verdict, would almost certainly chill future litigants.

## **CONCLUSION**

$4,799.95 might not seem like a lot of money to a police officer drawing a six-figure salary and living in a 6-bathroom home. Or to an attorney billing $350-an-hour and working in an office space that costs $30-per-square-foot. Or to a massive city government with a $1.6 billion budget, and a police department that has received tens of millions of budget increases in the last two years despite being the deadliest police department in the country.

But to two working people, two school-aged children, and their unemployed single mom, trying to survive an economy where the basic costs of living (rent, grocery, and gasoline) has almost doubled, it is insurmountable. It is the kind of debt that well never be paid, and that will only serve to devastate their credit indefinitely.

Before this Court considers awarding that sum to Defendant Bertz, it should first consider whether Bertz has met his burden of proving who incurred these costs, for whose defense they were incurred, and who paid them. If it determines that these costs were incurred by Bertz, for his own defense, it should then consider the unique financial situations of the parties involved. And, finally, it should consider the message this will send to future litigants, wishing to pursue justice on behalf of a loved one killed by the deadliest police department in the country.

Based on the sum of these considerations, the Court should deny the Bill of Costs of Defendant Bertz.

///

DATED this 12th day of September, 2022.

THE PEOPLE'S LAW FIRM
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003

By: /s/ Stephen D. Benedetto
 Stephen D. Benedetto
 Heather Hamel

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System. This document and the Notice of Electronic Filing were automatically served on the same date to the following, who are registered participants of the CM/ECF System:

Kathleen L. Wieneke
Christina Gail Retts
Brendan F. Porter
WIENEKE LAW GROUP PLC
1225 W. Washington St., Suite 313
Tempe, Arizona  85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
bporter@wienekelawgroup.com


By: /s/ Stephen D. Benedetto
 *An employee of The People's Law Firm*