Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
Brendan F. Porter, Bar #034781
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com
Email: bporter@wienekelawgroup.com

*Attorneys for Defendant Bertz*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald G. Harris, Jessica Perez; and Rodasia White, as Mother and Next Friend of A.H. and J.H, the minor children of victim, as beneficiaries for the wrongful death in and violation of civil rights of Jacob Michael Harris,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, Kristopher and Jane Doe Bertz, David and Jane Doe Norman, John and Jane Does 1-10, Entities 1-10,<br><br>Defendants. | NO. 2:20-cv-00078-DLR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR FEES AND COSTS** |

Plaintiffs do not contest the hours worked or the hourly rate proposed by Officer Bertz's ("Defendant") counsel. Plaintiffs also do not dispute Defendant's analysis of the LRCiv 54.2(c)(3) factors. Those points are therefore conceded. The only two objections Plaintiffs raise are that (1) Defendant did not "incur" any fees in this litigation and (2) a fee award is preempted by federal law. Both objections are without merit.

Plaintiffs' first objection largely tracks an objection they made regarding Defendant's Application for a Bill of Costs (doc. 202). The Court rejected Plaintiffs' objections and awarded Defendant $4,322.95 out of $4,799.96 in taxable costs. (Doc. 208). The reductions were only for certain materials that the Court considered non-taxable, not

1  because of Plaintiffs' arguments. Because the Court overruled this very objection when
2  awarding taxable costs, it should do so again when it comes to awarding fees.

3        Regardless, Plaintiffs' objection should be overruled on its own merits as well.
4  Plaintiffs argue that, because the City of Phoenix was always going to pay Defendant's legal
5  expenses, Plaintiffs did not "incur" expenses within the meaning of Section 13-420. (Doc.
6  209 at 4-5). Importantly, however, Defendant did not just move for fees under Section 13-
7  420; Defendant also moved for fees under A.R.S. § 12-716. (Doc. 201 at 1, 4). Section 12-
8  716(B), the fee portion of the statute, states in its entirety: "[i]f a party files a motion to
9  dismiss or a motion for summary judgment pursuant to this section and the court grants the
10 motion, the court shall award the moving party costs and attorney fees." Defendant did
11 move for summary judgment under Section 12-716 (doc. 162 at 11), and the Court granted
12 that motion. (Doc. 195 at 4). Section 12-716 does not use the phrase "incurred by a
13 defendant," as Section 13-420 does. So, even accepting Plaintiffs' argument as true as to
14 Section 13-420, state law still requires an award of fees under Section 12-716.

15       In any event, Plaintiffs' interpretation of Section 13-420 is not borne out by the
16 statute. Plaintiffs attempt to graft on a requirement to Section 13-420 that Defendant must
17 have personally been expected to pay out-of-pocket for his own defense before the Court
18 may award attorney fees. That is inconsistent with the use of "shall award" in this context,
19 which contemplates mandatory fee shifting from an unsuccessful plaintiff to a prevailing
20 defendant. Additionally, this interpretation would sharply disincentivize indemnifying or
21 insuring officer defendants if a plaintiff could balloon litigation expenses, secure in the
22 knowledge that an insured or indemnified defendant will never be allowed to recover even
23 if they prevail. The natural reading of Section 13-420 is that a defendant is entitled to
24 attorney fees, even if a collateral source—such as the City of Phoenix—has indemnified
25 them for purposes of litigating the action.

26       Plaintiffs' second objection is that A.R.S. § 13-420 is preempted by federal law.
27 (Doc. 209 at 7-8). Although Defendant included a section in his Motion explaining why 42
28 U.S.C. § 1988 did not preempt the Motion (doc. 201 at 5-6), Plaintiffs did not respond to it.

1   Instead, Plaintiffs point the Court to the field preemption analysis in *Anderson v. Armour*,
2   No. CV-16-03563-PHX-JJT, 2021 U.S. Dist. LEXIS 205284 (D. Ariz. Oct. 25, 2021). In
3   essence, Plaintiffs interpret *Anderson* and the Ninth Circuit's decision in *Harris v.*
4   *Maricopa Cnty. Sup. Ct.*, 631 F.3d 963, 968 (9th Cir. 2010) to mean that, if the civil rights
5   statutes are ever implicated in a lawsuit, then 42 U.S.C. § 1988 automatically preempts any
6   attorney fee award that is not for frivolous claims. (Doc. 209 at 9). This is incorrect. After
7   a civil rights claim has been dismissed and the only remaining claim is a state law claim,
8   there can be no field or conflict preemption.

9   Plaintiffs largely attempt to gloss over the key distinction between the analysis in
10  *Anderson* and the analysis here. Plaintiffs describes the difference as "Plaintiff's federal civil
11  rights claims were dismissed before the fees at issue were incurred. Thus, the provisions of
12  A.R.S. § 13-420 and 42 U.S.C. § 1988 are [sic] not in direct conflict with respect to
13  simultaneously litigated claims." (Doc. 209 at 8). That is true, but what the court in
14  *Anderson* specifically said on this topic was "[d]efendants are not entitled to attorneys' fees
15  under Section 13-420 *absent a showing that the fees at issue were not incurred to defend*
16  *the federal claims.*" *Anderson*, 2021 U.S. Dist. LEXIS 205284 at *8. (Emphasis added).
17  Indeed, in analyzing whether fees were allowable, the *Anderson* court looked to conflict
18  preemption and the differing standards between 42 U.S.C. § 1988 and A.R.S. § 13-420—
19  when both claims remained in the lawsuit through trial and the civil rights claims were not
20  frivolous.[1] *See Bernhardt v. L.A. County*, 339 F.3d 920, 929 (9th Cir. 2003) (a "hostile state
21  rule is preempted to the extent it actually interferes with the 'methods by which the federal
22  statute was designed to reach [its] goal."). Conflict preemption does not exist here because
23  there were no federal claims pending in the lawsuit during the time frame that Defendant is
24  seeking fees. Thus, there is no hostility to federal law based upon claims that had been
25  dismissed and were not at issue during the litigation of the state claims. Indeed, in *Anderson,*

---

[1] Although not necessary to the Court's analysis because there were no federal claims pending for the period of time at issue, Defendants assert that Plaintiffs' civil rights claims were frivolous. *Anderson's* analysis requires that the civil rights claims be non-frivolous.

3

the Court noted that if the defendants had been able to establish that the fees not incurred to defend the federal claims, the court *could* have awarded the fees that related only to the state law claims.

As Plaintiffs must necessarily acknowledge, *none* of the fees Defendant requests here were incurred defending federal claims. (Doc. 201 at 6). It does not pass the straight face test to argue that moving for summary judgment—on state law only claims—is somehow tied to litigating civil rights claims that were dismissed months earlier for lack of standing. The barrier to awarding fees the court in *Anderson* identified is not present here. There is no preemption because there were no non-frivolous civil rights claims remaining. Finding preemption under the facts presented in this case would work an unconstitutional overreach. Further, awarding fees in this context would not result in "punishing civil rights claimants" or chilling civil rights claims. By definition, granting Defendant's Motion would not run the risk of making future plaintiffs pay for filing Section 1983 claims, because Defendant is not requesting this Plaintiffs pay anything for filing a Section 1983 claim. Instead, because Plaintiffs invoked Arizona's wrongful death statute to assert a claim for liability against Defendant, it is entirely fair to apply Arizona law against that claim. Defendant's Motion should be granted.

DATED this 27th day of September, 2022.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
Brendan F. Porter
1225 West Washington Street, Suite 313
Tempe, AZ 85288
*Attorneys for Defendant Bertz*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Stephen D. Benedetto
>William H. Knight
>Heather Hamel
>The People's Law Firm, PLC
>645 North 4th Avenue, Suite A
>Phoenix, Arizona 85003
>*Attorney for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is a registered participant of the CM/ECF System:

>N/A

By:  */s/ Mica Mahler*