**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland G Harris, et al., | No. CV-20-00078-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant Kristopher Bertz's motion for fees and costs. (Doc. 213.) The motion is fully briefed, and neither side has requested oral argument. (Docs. 201, 209, 210). For the following reasons, the Court grants Defendant's motion.

**I.     Background**

This case arises out of a police shooting that killed Decedent Jacob Harris. Plaintiffs—Harris' father, mother, and two minor children—sued Defendant and the City of Phoenix for wrongful death under Arizona law and for violations of Harris's constitutional rights under 42 U.S.C. § 1983.

On October 22, 2021, the Court granted Defendant and the City of Phoenix's Rule 12(c) motion for judgment on the pleadings for the wrongful death claim against the City of Phoenix and the federal claims against both Defendant and the City of Phoenix. (Doc. 144.) Thus, the sole remaining claim was Plaintiff's state law wrongful death claim against Defendant.

Following discovery, Defendant filed a motion for summary judgment, arguing that his decision to use deadly force was justified under A.R.S. §§ 12-716 and 13-410(c). The Court agreed, finding no triable issues of fact existed as to whether Defendant was justified in using deadly force. Accordingly, the Court granted summary judgment in Defendant's favor. (Doc. 195.) The Ninth Circuit affirmed. (Doc. 212.)

**II.   Analysis**

Local Rule 54.2(c) directs a party moving for an award of attorneys' fees and related non-taxable expenses to address its eligibility and entitlement to an award, as well as the reasonableness of the requested amount. Defendant seeks $34,804.00 in total fees and $5,792.94 in total non-taxable costs pursuant to A.R.S. §§ 12-716 and 13-420.

**A. Eligibility & Entitlement**

Turning first to Defendant's eligibility and entitlement to attorneys' fees and costs: Plaintiffs argue that Defendant's motion should be denied for two reasons: (1) § 13-420[1] only permits an award for attorneys' fees and costs "incurred by a defendant" and, in this case, Defendant did not incur such fees and costs because the City of Phoenix, as Defendant's indemnifier, assumed liability to pay these fees and costs, and (2) § 13-420 is preempted by federal law. The Court need not reach these issues because, irrespective of whether an award of fees is improper under § 13-420, Defendant is eligible and entitled to fees and costs under § 12-716.[2]

Section 12-716(B) provides that "[i]f a party files a motion to dismiss or a motion for summary judgment pursuant to this section and the [C]ourt grants the motion, the [C]ourt shall award the moving party costs and attorney fees." Here, Defendant filed a motion for summary judgment pursuant § 12-716 (Doc. 162), and the Court granted that motion (Doc. 195). Accordingly, the Court is mandated to award Defendant, as the moving

---

[1] Section 13-420 provides that "[t]he [C]ourt shall award reasonable attorney fees, costs, compensation for lost income and all expenses incurred by a defendant in the defense of any civil action based on conduct otherwise justified pursuant to [Chapter Four of the Arizona Criminal Code] if the defendant prevails in the civil action."

[2] Plaintiffs use the entirety of their response to argue that Defendant is not entitled to an award of fees under § 13-420. Plaintiffs neither challenge nor address Defendant's entitlement under § 12-716(B). (*See* Doc. 209.).

party, costs and attorneys' fees.[3]

Although Plaintiffs argue that federal law preempts A.R.S. § 13-420, Plaintiffs do not raise this issue with respect to A.R.S. § 12-716. Nonetheless, the Court will briefly address this issue. In *Anderson v. Armour*, this Court found that 42 U.S.C. § 1988, which governs the award of attorneys' fees in federal civil rights actions, preempts A.R.S. § 13-420 in cases where a prevailing defendant seeks fees for defending against a non-frivolous civil rights claim. No. CV-16-03563-PHX-JJT, 2021 WL 4950344, at *2–3 (D. Ariz. Oct. 25, 2021). The Court noted that 42 U.S.C. § 1988 awards attorneys' fees to a prevailing defendant in a civil rights action *only* if the plaintiff's claims were "frivolous, unreasonable or without foundation." *Id.* The reason for this limitation is that Congress intended to

> encourage individuals to seek relief for violations of their civil rights, and allow a defendant to recover fees and costs from the plaintiff in a civil rights case only in "exceptional circumstances" in which the plaintiff's claims are "frivolous, unreasonable or without foundation." . . . [T]his policy was adopted expressly in order to avoid discouraging civil rights plaintiffs from bringing suits, and thus "undercutting the efforts of Congress to promote the vigorous enforcement of civil rights law."

*Id.* at * 3 (quoting *Harris v. Maricopa Cnty. Sup. Ct.*, 631 F.3d 963, 968, 971 (9th Cir. 2010)). Thus, the Court reasoned that "application of A.R.S. § 13-420 and its mandate for an award of attorneys' fees to a prevailing defendant in this case, for successfully defending a non-frivolous civil rights claim, would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress enacting 42 U.S.C. § 1983 *et seq.*" *Id.*

The Court's reasoning in *Anderson* does not apply here. Although this case, at one point, involved federal civil rights claims, the Court dismissed those claims in its October

---

[3] In arguing that an award of fees under § 13-420 is improper, Plaintiffs focus on the following language in § 13-420: "The [C]ourt shall award reasonable attorney fees [and] costs . . . *incurred by a defendant*." A.R.S. § 13-420 (emphasis added). Plaintiffs argue that Defendant did not personally incur attorneys' fees and costs; rather, the City of Phoenix, as Defendant's indemnifier, incurred these costs. Therefore, because Defendant did not incur fees, he is not eligible for an award. (Doc. 209.) Unlike § 13-420, § 12-716 does not use the phrase "incurred by a defendant." So, even if Plaintiffs are correct as to the meaning of fees "incurred by a defendant," that argument does not apply to § 12-716.

22, 2021 Order. (*See* Doc. 144.) Unlike in *Anderson*, an award of fees and costs here, pursuant to A.R.S. § 12-716, is *not* an award for successfully defending against a non-frivolous civil rights claim but rather an award for successfully defending against a state law wrongful death claim. Indeed, Defendant excludes from his request any fees and costs incurred prior to the Court's dismissal of the federal civil rights claims; the only fees and costs Defendant seeks are those related to his defense of the wrongful death claim.

Thus, there is no risk that an award would stand as an obstacle to the accomplishment and execution of Congress's objectives in enacting 42 U.S.C. § 1983 *et seq. See also Anderson*, 2021 WL 4950344, at *4 ("The Court thus concludes that Defendants are not entitled to attorneys' fees . . . absent a showing that the fees at issue were not incurred to defend the federal claims."). Federal law does not preempt application of § 12-716 in this case.

### B. Reasonableness

The Court next considers whether Defendant's requested fees are reasonable. To determine the reasonableness of requested attorneys' fees, the Court uses the "lodestar" method, which multiplies a reasonable hourly rate with the number of hours reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1987). In determining whether an hourly rate or the hours expended are reasonable, the Court considers "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

"The prevailing market rate in the community [in which the lawsuit was filed] is indicative of a reasonable hourly rate." *Orman v. Cent. Loan Admin & Reporting*, No. CV-19-04756-PHX-DWL, 2020 WL 919302, at *2 (D. Ariz. Fed. 26, 2020). "Affidavits of the [the prevailing party's] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Counsel for Defendant has identified the following billing rates: Ms. Retts, a partner at Wieneke Law Group, PLC ("WLG") who has practiced law for more than 17 years, billed $290.00/ hour; Ms. Wieneke, likewise, billed $290.00/hour; and Mr. Porter, an associate at WLG who has practiced law for 6 years, billed $245.00/hour. Counsel has also identified that two paralegals worked on the case and billed $155.00/hour. (Doc. 201-1.) Both Ms. Retts and Mr. Porter aver that these rates are conservative for the value of services provided within this community, with fees ranging from $300.00 to $650.00/hour. (Docs. 201-1, 202-2.) The Court finds WLG's billing rates in this case to be reasonable.

The Court must next determine whether WLG expended a reasonable number of hours related to the motion for summary judgment. "The prevailing party . . . is entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Schweiger v. China Doll Rest.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983). Nonetheless, "[t]he time, to be compensated in an award, must be reasonable in relation to the success achieved. It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the extent of success and the amount of the fee award." *McGunnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (quotation marks and citations omitted). Hours that are excessive, duplicative, or otherwise unnecessary may be excluded from the fees calculation. *Hensley*, 461 U.S. at 434.

Defendant requests an award for the 142.2 hours expended on the case from November 1, 2021—following the Court's Order dismissing the federal claims against Defendant—to August of 2022, when the Court granted Defendant's motion for summary judgment on Plaintiff's wrongful death claim. In support of this request, counsel for Defendant has provided an itemization of attorney and paralegal time spent in defending the wrongful death claim. No work performed prior to the Court's October 22, 2021 Order dismissing the federal claims are included in the itemization or requested award.

The Court finds that Defendant's counsel billed for a reasonable sum of time necessary to achieve the result in this case. *See e.g.*, *Mendez v. City of Scottsdale*, No. CV-

12-285-PHX-SMM, 2015 WL 13654011, at *3 (D. Ariz. Feb. 27, 2015) (finding that, in a case involving an officer's reasonable use of physical force, 220 hours was a reasonable amount of time spent defending against plaintiff's assault and battery claims). The 142.2 hours capture the time Defendant's counsel spent in discovery, preparing the motion for summary judgment and the corresponding reply, and communicating with Defendant and opposing counsel. In reviewing the entries in Defendant's fee itemization, the Court does not find duplicative or excessive entries, or any entries not reasonably related to Defendant's motion for summary judgment. Furthermore, Plaintiffs neither contest nor address the reasonableness of the rates charged or the number of hours billed. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) ("The party opposing the fee application has a burden of submi[tting] . . . evidence to the district court[.]").

The Court finds Defendant's request for attorneys' fees—$34,804.00—reasonable and will award the amount as is mandated by A.R.S. § 12-716. *See Mendez*, 2015 WL 13654011, at *3 (granting comparable award in case involving officer's use of non-lethal force). The Court further grants Defendant's request for costs—$5,592.94—pursuant to A.R.S. § 12-716. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Fees and Costs (Doc. 201) is **GRANTED**. Defendant is awarded $34,804.00 in attorneys' fees and $5,592.94 in non-taxable costs, for a total award of $40,596.94.

**IT IS FURTHER ORDERED** that the Clerk of the Court issue judgment in favor of Defendant in the amount of $40,596.94 for attorneys' fees and expenses.

Dated this 11th day of June, 2024.

Douglas L. Rayes
United States District Judge